UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:23-cr-00013

ASHLEY NICOLE LUSTER

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Ashley Nicole Luster's Motion to Recalculate Credit for Time Served [ECF 118], filed January 8, 2026. The Government responded on February 6, 2026. [ECF 122]. Ms. Luster replied on February 9, 2026. [ECF 123]. The matter is ready for adjudication.

**I.**

On January 24, 2023, Ms. Luster was indicted on one count of Aiding and Abetting the Distribution of a Quantity of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, its Salts, Isomers, and Salts of its Isomers, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. [ECF 1]. Following her arraignment hearing on October 16, 2023, Ms. Luster was placed on pretrial release. [ECF 44]. In January of 2024, while on pretrial release, Ms. Luster was arrested in Monroe County for separate felony charges. [ECF 118 at 1]. Ms. Luster was held in state custody at Southern Regional Jail pending resolution of the state charges. [*Id.*]. On March 21, 2024, Ms. Luster appeared in federal court for

an initial revocation and guilty plea hearing related to the federal charges. [*Id.*]. Ms. Luster asserts, and the minutes from the hearing reflect, that following the March 21, 2024, hearing, Ms. Luster would remain in federal custody until she was sentenced in federal court. [*Id.*; 123-2 at 2]. ("The defendant will remain in federal custody pending sentencing before District Judge Frank Volk on July 5th.").

On September 13, 2024, Ms. Luster was sentenced to eight months for her federal charges with credit for time served. [ECF 110, 111]. On May 1, 2025, Ms. Luster was sentenced to a term of no less than one and no more than five years imprisonment on the state charges from January 4, 2024. [ECF 122-1 at 1]. The state court sentencing order directed that Ms. Luster would "receive credit for time served incarcerated while awaiting resolution of this case. The Defendant's effective sentence date is January 4, 2024." [ECF 122-2 at 4]. Ms. Luster was paroled on her state sentence on November 7, 2025, wherein she was transferred to federal custody. [ECF 122 at 2; ECF 122-3 at 3].

Ms. Luster now asks the Court to order the Bureau of Prisons (BOP) to recalculate the credit for time served, asserting that from March 21, 2024, until September 13, 2024, Ms. Luster was in federal custody. [ECF 118 at 1-3]. Accordingly, she challenges the BOP's calculated release date of June 22, 2026, and contends she should be credited 167 days towards her eight-month sentence. [*Id.*]. The Government asserts the BOP's calculation is correct, contending Ms. Luster was in state custody from June 2024 until May 2025. [ECF 122 at 1-2].

## II.

Calculation of a defendant's term of imprisonment sits decidedly with the Bureau of Prisons. *United States v. Jackson*, 952 F.3d 492, 497–498 (4th Cir. 2020) (citing *United States*

*v. Wilson*, 503 U.S. 329, 334 (1992)). "A defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences. . . that has not been credited against another sentence." 18 U.S.C. § 3585. As our Court of Appeals has explained:

> A federal sentence does not commence until the Attorney General receives the defendant into her "custody" for service of that sentence. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody...."); *United States v. Pungitore*, 910 F.2d 1084, 1119 (3d Cir.1990) ("a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served"). When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence. *See Barden v. Keohane*, 921 F.2d 476, 481–82 (3d Cir.1990); 18 U.S.C. § 3621(b) (vesting designation authority in the Bureau of Prisons).
>
> A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. *See Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir.1992); *Thomas v. Brewer*, 923 F.2d 1361, 1366–67 (9th Cir.1991) (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody).

*United States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998); *see also United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) (noting a writ of habeas corpus ad prosequendum does not change the original place of custody). The BOP is tasked with managing these considerations, and abiding by the Court's directives at sentencing, in administering a defendant's sentence. *See, e.g., Bonnie v. Dunbar*, 157 F.4th 610, 616 (4th Cir. 2025).

As our Court of Appeals has explained, when a state retains primary jurisdiction over a defendant, the federal sentence "commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Evans*, 159 F.3d at 911–12. Accordingly, Ms. Luster's assertion that the federal sentence should have run first is incorrect. Ms. Luster was taken

into custody on state charges while on pretrial release for the federal charges. Accordingly, the state then became vested with primary jurisdiction for purposes of custody. The BOP records do not reflect whether Ms. Luster was transferred into federal custody in the interim period between her initial appearance and her sentencing in federal court. Although the hearing minutes from Ms. Luster's initial appearance reflect that Magistrate Judge Omar J. Aboulhosn intended for Ms. Luster to remain in federal custody pending her federal sentencing hearing, the BOP records do not reflect Ms. Luster was transferred into federal custody prior to adjudication of her state court charges. [ECF 122-3; ECF 123-2].

Additionally, pursuant to the directive of § 3585, a defendant shall not receive credit for time served where that time has already been credited towards another sentence. *See, e.g.*, *United States v. Wilson*, 503 U.S. 329, 332 (1992). According to the sentencing order entered in Ms. Luster's state court conviction, the judge there calculated the time Ms. Luster had already served in custody and applied all of the time from January 2024 until Ms. Luster was sentenced on the state charge in May 2025. [ECF 122-2 at 4]. Inasmuch as (1) the record does not reflect Ms. Luster was transferred out of state custody for any extended amount of time other than fulfilling her writs for her hearings, and (2) the record reflects Ms. Luster was given credit towards her state sentence for the time served from January 2024 through May 2025, it does not appear Ms. Luster is entitled to credit towards her federal sentence for the 167 days between March 21, 2024, and September 13, 2024.

The BOP records do not reflect whether Ms. Luster was in federal or state custody while housed at Southern Regional Jail between March 21, 2024, and September 13, 2024. Additionally, it is unclear how the Government concluded that "[f]rom June 2024 until May 30, 2025, Defendant was lodged at the West Virginia Southern Regional Jail under state jurisdiction"

[ECF 122 at 1] -- Ms. Luster had her initial appearance in federal court on March 21, 2024, and was sentenced on September 13, 2024. [*See* ECF 79, 110]. However, it is the BOP's administrative responsibility to ensure her time is properly credited in calculating Ms. Luster's sentence. *Wilson*, 503 U.S. at 332; *see also Bonnie v. Dunbar*, 157 F.4th 610, 616 (4th Cir. 2025). Inasmuch as Ms. Luster is housed with the BOP,[1] these inconsistencies in the record must first be addressed through the BOP grievance process. 28 C.F.R. § 542.10.

### III.

For the foregoing reasons, Ms. Luster's Motion to Recalculate Credit for Time Served [**ECF 118**] is **DENIED**.

The Clerk is directed to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   February 24, 2026

Frank W. Volk
Chief United States District Judge

---

[1] According to the BOP's inmate locator, Ms. Luster is in custody at Lexington FMC with an anticipated release date of June 22, 2026.